UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC OLMEDA,

    Petitioner,

v.                                        CASE NO. 8:13-CV-1977-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner, an inmate of the Florida penal system proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus (hereinafter "petition") pursuant to 28 U.S.C. § 2254 challenging plea-based convictions for multiple drug offenses entered in 2003 by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 5). This court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases (2013), and concludes that the petition is subject to summary denial.[1]

**Background**

According to the petition, Petitioner pleaded guilty to trafficking in cocaine, armed trafficking, and delivery of cocaine in violation of Section 893.13, Florida Statutes (Dkt. 1).

---

[1] Rule 4 authorizes a district judge to summarily dismiss a habeas petition if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *See Granberry v. Greer*, 481 U.S. 129, 135 n.7 (1987).

Petitioner raises an as-applied challenge to Florida's Comprehensive Drug Abuse Prevention and Control Act, the statute under which he was convicted.[2]

"Once a guilty plea is made, nonjurisdictional challenges to a conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. Unit B, 1981). *See also, Brady v. United States*, 397 U.S. 742, 757-58 (1970) (guilty plea waived defendant's right to challenge constitutionality of federal kidnaping statute). Petitioner does not allege that his plea was not knowing and voluntary. Nor does he assert any facts that would call into question the knowing and voluntary nature of his plea. Therefore, Petitioner has waived his "as applied" challenge to the constitutionality of Florida's Comprehensive Drug Abuse Prevention and Control Act because such a challenge is nonjurisdictional. *United States v. Feaster*, 394 Fed.Appx. 561, 564 (11th Cir. 2010) (unpublished) (as applied challenge to statute waived by guilty plea), *cert. denied*, 131 S. Ct. 968 (2011); *United States v. Joos*, 638 F.3d 581, 586 (8th Cir. 2011) ("as applied constitutional challenges to statutes are nonjurisdictional").

ACCORDINGLY, it is **ORDERED** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 5).
2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

---

[2]Chapter 893, Fla. Stat.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on August 28, 2013.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*